NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JANIE HUGHES,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2024-2080

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 22-3160, Judge Coral Wong Pietsch.

---

Decided:  March 20, 2026

---

KATY CLEMENS, Carpenter Chartered, Topeka, KS, argued for claimant-appellant.  Also represented by JOHN D. NILES; JOHN F. CAMERON, Montgomery, AL.

MEREDYTH COHEN HAVASY, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by WILLIAM JAMES GRIMALDI, PATRICIA M. MCCARTHY, BRETT SHUMATE; TYRONE COLLIER, BRIAN D.

GRIFFIN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

_____

Before LOURIE and PROST, *Circuit Judges*, and BURROUGHS, *District Judge*.[1]

PROST, *Circuit Judge*.

Janie Hughes, surviving spouse of veteran Bobbie M. Hughes, appeals from a decision of the U.S. Court of Appeals for Veterans Claims ("Veterans Court") denying an earlier effective date for the grant of total disability rating based on individual unemployability ("TDIU") for accrued-benefits purposes. For the reasons below, we dismiss.

## BACKGROUND

Mr. Hughes served in the U.S. Army from September 1966 to June 1969. In April 2005, he filed a claim for service connection for post-traumatic stress disorder ("PTSD"), which the Department of Veterans Affairs regional office ("RO") granted in a July 2009 rating decision, assigning an effective date of April 28, 2005, and a 30% disability rating. He was also granted service connection for bilateral hearing loss and tinnitus. In 2011, Mr. Hughes submitted an application for TDIU, reporting that he became too disabled to work in June 2009 due to his PTSD and hearing loss. The RO denied his claim for TDIU.

Mr. Hughes passed away in October 2012. That same month, Mrs. Hughes filed an application for dependency and indemnity compensation, death pension, and accrued benefits.

_____

[1]    Honorable Allison D. Burroughs, District Judge, United States District Court for the District of Massachusetts, sitting by designation.

Relevant to this appeal, in a June 2016 rating decision, the RO granted entitlement to accrued benefits on the basis that TDIU was warranted effective August 17, 2011. Mrs. Hughes sought an earlier effective date, which the RO denied.

The Board of Veterans' Appeals ("Board") denied entitlement to an effective date earlier than August 17, 2011, for the grant of TDIU for accrued-benefits purposes. J.A. 29–43. It found that "prior to August 17, 2011, the competent and credible evidence of record is not in approximate balance but instead[] persuasively establishes that [Mr. Hughes was] not precluded from securing or following substantially gainful employment due to his service-connected disabilities." J.A. 43. It explained that he could perform "a job in an office environment that involves individual computer work, including writing or paperwork." J.A. 42. He "could also have performed any job that primarily involved working alone, rather than collaboratively, including data entry, quality control, packaging, or serving as a surveillance monitor." J.A. 42. While the Board recognized that "jobs involving driving or being around heavy or moving machinery would have posed a safety risk due to [Mr. Hughes's] hearing impairment," he could perform certain types of physical employment "with minimal communication with others, such as painting." J.A. 42. In fact, Mr. Hughes "reported doing repairs around his home after his retirement, including carpentry, cement, masonry, and electrical work." J.A. 42.

The Veterans Court affirmed the Board's decision. *Hughes v. McDonough*, No. 22-3160, 2023 WL 6963799 (Vet. App. Oct. 23, 2023) ("*Decision*"). Mrs. Hughes's motion for a panel decision was granted and the three-judge panel ordered that the single-judge decision remained the decision of the Veterans Court. J.A. 3–4. She also moved for full court review, which was denied. J.A. 2. Mrs. Hughes timely appealed.

### DISCUSSION

This court has limited jurisdiction to review Veterans Court decisions. We generally "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2). But we may "review and decide any challenge to the validity of any statute or regulation or any interpretation thereof" and "interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." *Id.* § 7292(c).

Mrs. Hughes contends that the main issue on appeal is "which standard of review governs the Veterans Court's review of a Board statement's adequacy," which "is an issue of law" within this court's jurisdiction. Appellant's Br. 15–16. We disagree that Mrs. Hughes presents an issue within our jurisdiction.

Before the Veterans Court, Mrs. Hughes argued that she was not disputing the Board's adverse findings but instead sought "reversal of the Board's legal errors with a de novo review." *Decision*, 2023 WL 6963799, at *4. In particular, she claimed that the Board's statements were inadequate to meet the statutory requirement that the Board's decision "shall include" a "written statement of the Board's findings and conclusions, and the reasons or bases for those findings and conclusions, on all material issues of fact and law presented on the record." 38 U.S.C § 7104(d)(1). The Veterans Court rejected Mrs. Hughes's arguments, characterizing them as "mostly amount[ing] to disagreements with the inferences and judgments the Board made while reviewing and weighing the evidence." *Decision*, 2023 WL 6963799, at *4; *see also id.* at *11 (same). We agree with that characterization, which applies equally to her arguments before this court. Because we lack jurisdiction to review factual determinations or the application of law to fact, we must dismiss.

CONCLUSION

We have considered Mrs. Hughes's remaining arguments and determine that they fail to raise any issues within our jurisdiction. For the foregoing reasons, we dismiss.

**DISMISSED**

COSTS

No costs.